# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY LEROY WILSON, Jr,<br>Booking No. 23700343<br><br>                                           Plaintiff,<br><br>vs.<br><br>CDCR, Employees, Workers, Staff,<br><br>                                           Defendants. | Case No.:  23-cv-344-MMA (BLM)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE**<br><br>[Doc. No. 2] |

Teddy LeRoy Wilson, Jr. ("Plaintiff" or "Wilson"), currently housed at the Vista Detention Facility located in Vista, California, and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1 ("Compl.").  Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  Doc. No. 2.

## I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, the Prison Litigation Reform Act's ("PLRA") amendments to § 1915 require that all prisoners who proceed IFP to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, the PLRA also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

Although Plaintiff has filed a Motion to Proceed IFP, he has not submitted a certified trust account statement "for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Because Plaintiff has neither paid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, nor filed a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), his case cannot yet

proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. CONCLUSION AND ORDER

For this reason, **IT IS ORDERED** that:

(1)     Plaintiff's Motion to Proceed IFP (Doc. No. 2) is **DENIED,** and the action is **DISMISSED** without prejudice for failure to prepay the $402 civil filing fee required by 28 U.S.C. §§ 1914(a);

(2)     Plaintiff is **GRANTED forty-five (45)** days from the date this Order in which to re-open his case by either:  (a) prepaying the entire $402 civil filing and administrative fee in one lump-sum; or (b) filing a renewed Motion to Proceed IFP, *which includes a prison certificate, signed by a trust accounting official attesting as to his trust account balances and deposits and/or a certified copy of his Inmate Statement Report for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2); and

(3)     The Clerk of the Court is **DIRECTED** to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis."

**IT IS SO ORDERED**.

Dated:  February 24, 2023

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge