# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY LEROY WILSON, Jr., Booking No. 23700343,<br><br>Plaintiff,<br><br>vs.<br><br>CDCR, Employees, Workers, Staff,<br><br>Defendants. | Case No.: 23-cv-344-MMA (BLM)<br><br>**ORDER DISMISSING CIVIL ACTION AS DUPLICATIVE PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

Teddy LeRoy Wilson, Jr. ("Plaintiff"), currently housed at the Vista Detention Facility located in Vista, California and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 17, 2023.  *See* Doc. No. 1 ("Compl.").

### I. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program,"

"as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP.  *See* 28 U.S.C. § 1915A(a), (c).  Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune."  28 U.S.C. § 1915A(b)(1)–(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011).  "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

     Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is identical and duplicative of another civil action he filed in this Court.  *See Wilson v. Cardenas, et al.*, S.D. Cal. Civil Case No. 3:23-cv-00278-JLS-LR ("*Wilson I*").  A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"  *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

     In *Wilson I*, Plaintiff claims that he has been subjected to unconstitutional conditions of his parole and seeks to hold his parole agent and the CDCR liable for allegedly imposing unconstitutional parole conditions.  *See generally*, *Wilson I*, Doc. No. 1 at 4–22.  While *Wilson I* remained pending before District Judge Sammartino, Plaintiff filed a new Complaint with the Clerk of the Court.  The subsequent Complaint was assigned to this Court as *Wilson v. CDCR*, Civil Case No. 3:23-cv-0344-MMA-BLM ("*Wilson II*"), and the Court has determined that the two Complaints name the same Defendant, allege the same causes of action, request the same relief, and are signed by the same Plaintiff.  *Compare Wilson I*, Civil Case No. 3:23-cv-00278-JLS-LR, Doc. No. 1,

*with Wilson II*, Civil Case No. 3:23-cv-0344-MMA-BLM, Compl.

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff has already brought the same claims presented in the instant action against the same defendant, Defendant CDCR, in *Wilson I*, the Court must dismiss this duplicative and subsequently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## II. Conclusion

Good cause appearing, **IT IS HEREBY ORDERED** that this civil action is **DISMISSED** as duplicative pursuant to 28 U.S.C. § 1915A(b)(1). **IT IS FURTHER ORDERED** that the dismissal of this case shall operate without prejudice to Plaintiff's pursuit of his claims as alleged in *Wilson v. Cardenas, et al.*, S.D. Cal. Civil Case No. 3:23-cv-00278-JLS-LR. The Clerk will **TERMINATE** S.D. Cal. Civil Case No. 3:23-cv-0344-MMA-BLM and close the file.

**IT IS SO ORDERED**.

Dated: April 11, 2023

HON. MICHAEL M. ANELLO
United States District Judge